The next case is Grandy v. Commof Pa, Pennsylvania. Ms. Rodriguez. Good morning. Good morning. I hope you'll excuse me for taking off my jacket. I was just a little bit too worn. We are too. And why don't you pull the... Can you hear me now? Oops. Yeah, that's good. No, it won't stay down. That's good. Okay. Shall I begin? You may. Would you like some rebuttal time? Yes, I would like three minutes please, Your Honor. Alright. Your Honor, we are here because my client, Mr. Grandy, filed a mixed petition in the district court asking for habeas corpus relief. And it was dismissed because it was mixed. And it's my position that under the case of Wines, that he should have been granted a stay in the district court and allowed to go back to the state court and litigate his issues. And for this to happen under Wines, there have to be several factors. One, there has to be good cause for the person not to have exhausted his or her issues. Number two, the issues that they wish to litigate or the person wishes to litigate must have merit or not be clearly meritless. And the third is that there should not have been any dilatory tactics in trying to set up a case of stay in abeyance. Now, in my client's case, I am adamant that he had just cause not to exhaust his issues in state court. First, he was subjected, despite what the commonwealth may argue, he was subjected. Before you move to that, I have a question. Are the unexhausted claims time barred under state law now? Yes, they are. And if he were to go back to state court at this time, his sentence will be over soon. And if he were to go back to state court and be permitted to litigate the PCRA, it would immediately stop once his sentence is over. Because under the state statute 42PA9543A1, a person to be eligible for PCRA review has to be either serving a sentence of incarceration, parole, probation, awaiting execution, or serving a sentence that must expire before the disputed one begins. And when does it expire in this case? It's my understanding that it should be sometime this summer, around August, because he got 5 to 10 years. 5 to 10 years was imposed in 98, I believe, or in 99. He had some credit time. And there's just no way that he could make it through the PCRA process without, and then go to court and then not say, okay, you know, it's over. You're not serving a sentence. Is the issue moot after three months or so? I'm sorry, I didn't hear you. Is the issue moot in three months? He's getting out in August. Well, the issue of a direct appeal wouldn't be moot. If he were to allow, our argument is that he was completely stripped of his right to a direct appeal because he was subjected to what is called unitary review, which was deemed to be unconstitutional in Pennsylvania seven months before he was sentenced. What happened is that... Was it a procedure permitted under Pennsylvania law at the time that he was taking a direct appeal? No, it was not. It was ruled unconstitutional seven months prior to the time of his appeal. Prior to the time that he was sentenced. Then the Pennsylvania State Courts determined that the unitary appeal, for good or bad, was a proper procedure. They did not even consider it. What they did, or what the court did, was deem his appeal to be a denial of PCRA relief. It's in the dockets, in the official Superior Court docket. That's what's on the notice of appeal that his attorney filed on his behalf. And although the panel, the Superior Court panel, when they issued its judgment, when they affirmed the judgment, they said that this is affirming the judgment of sentence, but it was still categorized as a PCRA. I thought that the procedure was approved so long as the petitioner had separate counsel. No, no, that's not the case. The case is that there's a two-tiered process. A process for direct review and a process for collateral review, just as it is in the federal court. And there's certain issues that are raised on direct review, which cannot be raised in collateral review. Although sometimes the situation is vice versa. There are some issues that can be raised in the PCRA that could not be raised on direct appeal. So this unconstitutional process, which was initially for capital defendants so that they could have all their issues together, and soon the court realized that this was not good. This is what he was subjected to. And although the Commonwealth may argue he was not, if it walks like a duck and talks like a duck, so the saying goes, that's what it is. The trial judge ordered his court-appointed counsel upon post-sentence motions to include every single issue that he could possibly have on a PCRA. And this doesn't even make sense because PCRA is for challenging the stewardship of all counsel. There are other issues that can be in the PCRA. Constitutional violations that undermine the truth-determining process, unlawfully induced guilty plea, obstruction of the right to appeal. When did the new counsel come in? The new counsel came in after first counsel did some post-trial motions. Then I imagine there was a conflict, or there was a conflict, and first counsel was removed, and then new counsel came in. That was Mr. Campbell? That was Mr. Campbell. Okay, and what did he do? What he did. Weren't there three hearings that the trial court held at that point, after he came in? I'm not sure if there were three hearings. I do know that there were at least one or two. And at that time, new counsel, he acted as adversary and advocate. What he did was he argued issues that he felt had merit, or potentially merit. But then he also filed what's called a Finley letter, a no-merit letter, along with these post-sentence motions. And that is completely antithetical to what he was supposed to do. When a person is PCRA counsel, which is what he was called, because the judge said, you know, we're having PCRA hearings now. He jumped right from post-sentence motion to PCRA hearings. An attorney is either supposed to act as an advocate and amend the PCRA petition, saying, you know, this is what I think has merit, or just forget those and go through all the issues and say none of them have merit. Is it his conduct, Ms. Rodriguez, that represents the most important issue for Grundy? That is. It was the conduct on the part of counsel and the court. Which counsel? Mr. Campbell. Mr. Campbell, Chief. That's what I was saying. Mr. Campbell and the court and the commonwealth. They all played a part in this. Campbell did bring an ineffective assistance of trial counsel before the court. Right. So now it's the question of... Of Mr. Campbell's effectiveness. If he jumps right from post-sentence motions to PCRA, then where is my client supposed to challenge Mr. Campbell's effectiveness? Could he not have challenged Mr. Campbell's ineffectiveness in the Pennsylvania State Courts? No, he could not, unless he filed a subsequent PCRA and there was some reason... Well, no, wait. The answer is yes. He could. He could have filed. He could have challenged. I mean, it happens all the time that PCRA counsel are then challenged. Yes, it does. It does happen that PCRA counsel are challenged. However, in the series of mishaps that occurred in my client's case, what he did after he realized everything that was happening to him, he asked to proceed pro se. He filed petition in Superior Court to proceed pro se, and this was denied. And he has a right to represent himself. It wasn't referred to the trial court for a Grazer hearing or a hearing under Ellis. And then, after counsel went and filed a brief, he tried to get it removed again, and counsel didn't file a Lawrence petition, which is a petition that's supposed to be filed when a client raises the counsel's ineffectiveness after a brief has been filed in Superior Court. So, eventually, Mr. Grundy filed a petition for allowance of appeal in the State Supreme Court, and the Supreme Court docket, as you saw in my appendix, says a petition for allowance of appeal was granted, which means that Alcott was granted. He was supposed to file a brief. He never received a briefing schedule, and he kept contacting the court, asking about a briefing schedule, and he never received one. And then he gets a notice saying, your petition for allowance of appeal is dismissed. So, naturally, being a pro se petitioner, he sees that he's, you know, classified as a PCRA client or petitioner. Everything's been denied. He's going to naturally think that the next step is the district court, because that's what happens after state collateral relief. The next step is the district court, and that's what he did. But by the time the district court dismissed his case, it was too late for him to go back to the state court, unless he could come under one of the exceptions. Is that a question of Mr. Campbell's ineffectiveness? Yes. And trial. Actually, Mr. Campbell and trial court counsel, because Mr. Runney felt that he never had the opportunity to litigate either one. As to the issue of merit, he had many issues, a plethora of issues that he wanted to raise, but one that I could definitely say had merit, is that he was entitled to a direct appeal, and he didn't get it. And the PCRA, if his habeas corpus petition had been stated, and he had been allowed to go back at that time, he could have had his right to appeal reinstated. He could have alleged a breakdown in the court system, because certainly the confusing information that he received from the Supreme Court obliterated any opportunity he would have to continue on with that. As far as the requirement of... Good. Well, let's hear from Ms. Kellinger, and we'll have you back. Thank you very much, Ms. Kellinger. You're welcome. Good morning. Good morning, Ms. Kellinger. I'm Mary Ann Kellinger, and I represent the District Attorney of Montgomery County. Your Honor, the Commonwealth believes that when Mr. Bauer, the trial attorney, got out of the case, and Mr. Campbell came in, as any lawyer would have done at that point, he raised it in effectiveness of trial counsel, as well as the other issues. And this was before the trial court? Before the trial court. There were two... I have copies of two hearings. If I remember, it was April and July hearing. Lengthy hearings, with numerous witnesses. And after the hearings, the hearings were April 30th and June 29th. Then the trial court made rulings in the Commonwealth's favor. And then he went to a superior court. And the superior court affirmed the Commonwealth. He went to the Supreme Court of Pennsylvania. He went to the superior court on direct appeal? Yes. Well, it was on direct appeal, yes. But it acknowledged that there were ineffectiveness issues. We refer, unfortunately, to ineffectiveness issues sometimes under the general term, DCRA issues. But the superior court recognized that there were ineffectiveness of trial counsel issues, as well as issues with the trial. It was a memorandum opinion, depended for the most part on a really excellent opinion by Judge Ferber. Mr. Grundy, representing himself at this point, filed a pro se petition. There was a return to the state court by the Supreme Court to make sure that he was competent. Before you get up to the Supreme Court, what about the PCR? Was there also a disposition by the superior court of the PCR conclusion? Well, it wasn't a PCR. It was a use of terminology there. It was not a PCRA hearing. When he should have had the PCRA hearing would have been after the Supreme Court. Then he had a year and a half left to file a PCRA, which is what would normally happen in Pennsylvania. Even when you had new counsel post-sentence motions, that new counsel goes through. Then it's a PCRA hearing in which both counsel. Everything was on direct appeal. But raised during the direct appeal were claims of ineffective assistance of trial counsel by the new counsel. Correct. And then after it goes through the Pennsylvania Superior Court and the Pennsylvania Supreme Court, then there is how much time to file a PCRA petition? The Supreme Court decision was in August of 2002, and he had until November 19, 2003 to file a PCRA petition. And none was ever filed? None was filed. The district court was filed. It was per se at the time. Yes. What is there in the record that would have alerted him that he could file a PCRA concerning appellate counsel? Nothing. Did he notice to him that you now have an extra amount of time to file a PCRA? I don't believe so. Is that... There's no notification provided for him? No, there's nothing on the statute that would... Is a notice provided to counsel when counsel files for an appeal to the Supreme Court? No. Everyone's deemed to know... Everyone's deemed to know that you do these things first, and then you get your direct appeal, and then you file your PCRA. Yes. But I don't think there's anything... I've never known of anyone getting anything... That's very fair, but I guess that's the rule in Pennsylvania, and when you have a lawyer or not, you're subject to the same... Same rule? Yes. I was going to say, if he had notified the judge or if he had contacted a court, I was thinking about somebody who would explain that to him, but he went immediately to federal court. But when he went to federal court, he was still within time. Was there a need to file a... Petition. A petition in the state courts? Yes. Don't you think that the court should have advised him or allowed him to go back to the state courts? The district court might have said, you know, you still have time to file that petition, and the district court could have stayed the action pending exhaustion in the state court. Well, one issue had been addressed. In state court. And the magistrate judge found that it was not in any way an issue that would have been addressed in the district court. It had been done... Everything had been done promptly on that one issue. I have never seen anyone... I have never seen the district court do that, so that's why I'm a bit stunned. Well, were there claims presented in the district court that were not exhausted? Yes. I think there's a difference in the total, the number of claims he made, but there were many claims that he made. Were some of those unexhausted? They were defaulted claims, yes. The court found that they were defaulted, and they did... And defaulted in what way? In the sense that... By an independent state procedure? By a failure to file a PCR? By the failure to file, the PCRA... Within the state requirements? Yes. So are you saying that applied to all his claims? No. The one claim which had been addressed, the magistrate judge did address herself and found that it was not contrary to any federal law, any federal case,  That was the issue of the ineffectiveness of trial counsel to call his own. To call his wife as a witness. And that was one of the issues addressed. See, these issues were addressed in the hearings in front of the trial judge. The wife, at the hearing, took the Fifth Amendment. When people started to call his examiner. Because that was an issue that came up. Why wasn't the... And Judge Wells did address that, and specifically the language from the hearing. What about the issue that Mr. Grundy seems most interested in, which is the ineffectiveness of appellate counsel? That issue had not been exhausted, was it? No, that's what he should have done. He should have filed the PCRA after the case went to the Supreme Court. And then he could have addressed the ineffectiveness of appellate counsel. But what about the magistrate or the district court saying, you know, you haven't exhausted that issue, you think that was a mistake when the district court did not do that? No, I have to admit that it's... Since the district court did address, in a sense, all the issues, three were defaulted, and there's only one issue, and that issue was addressed. How was it addressed? The issue involving the wife was addressed in the public... In referring to ineffective assistance of appellate counsel. Oh. The appellate counsel was not ineffective when it came... I think that was the state court and the magistrate judge's opinion of the issue involving the wife because we had hearings in which she refused to testify. The district court did address the ineffective assistance of appellate counsel. Involving the wife, yes, because that's the one issue that was completely... But there were other issues that did not involve the wife but did involve ineffective assistance. Yes. Those were not addressed by the district court. They were not found to have any merit and they were not... She found that they had been defaulted. Defaulted because? Not filed in time in the state court or what? No, they had been addressed in some ways and some of them had actually been addressed in the hearings also. In the state court or the federal court? They had been addressed in the post-sentence motion hearings directly after trial. But not in the PCR. See, what I'm trying to get at is were any of these issues he raised in the district court unexhausted and could he have gone back to the state court? Was he still in time to file a PCR? He could have filed a PCR against Mr. Campbell. He had the time to do that. Yes. After he filed in the district court? Yes, he still had time. Not much at that point but he had, as I indicated, he had about 15 months after the Supreme Court of Pennsylvania's ruling came down to file a PCRA alleging whatever issues he wanted and of course it would have been the first PCRA to deal with the effectiveness of appellate counsel. But he did not file that. But he still had time to do so after he filed in the district court? Well, let me see. The Pennsylvania Supreme Court denied Allen Cutter on August 22, 2002. Right. I'm looking at the district court's opinion. So he had 15 months after that. Is that correct? He had until, and it's stated I believe in some of the cases, November 19, 2003 and I think the judge council agrees with that date also. Okay. So when was the habeas, when did Judge Wells, Magistrate Judge Wells issue her opinion? June 16, 2003. What is the, he comes up with his sentences completely finished in July of this year. Is that correct? July or August of this year depending on the amount of credit. I see. He was originally, he was. Was he paroled after five years? Yes. So he's been on parole for roughly five years now? Yes. Any other questions? No. Anything else you want to tell us? No. We support everything the district court did of course. Good. Thank you very much, Ms. Knoedler. Mr. Gries. Your Honor, I reiterate that when the client received the docket information that his appeal was from the denial of a PCRA order and when he received confusing information from the Supreme Court that caused him to lose his right to further litigate his issues there, that there was no other conclusion that he could come to than he was to go to the next venue which would be district court because he was informed that his appeal was from the denial of a PCRA order. I did attach the docket to my, the Superior Court docket and it does say appeal from PCRA order. Also, the judge, the trial judge clearly stated that they were having PCRA hearings at the trial court. Now, one thing that, and I can't remember the name of the dissenting justice in line said, is that the stay and abeyance policy should not be used to trap the unwary pro se litigant and I'd like to analogize that to this situation. When you were in litigation, no, there is no specific requirement that a person be notified. However, personally, if I've finished a direct appeal, I tell my client you have this amount of time to file a PCRA. Every month that you wait to file a PCRA will be deducted from the time that you have to proceed to federal court. I at least give them that benefit. This man had no one to turn to and there's, when he believed that his PCRA appeal had been denied, the next natural step would be federal court. Could you comment, Ms. Rodriguez, because I think what you're trying to establish is that there was cause for not exhausting. Yes. Ineffective assistance of appellate counsel claim, but there's language in the case of Johnson versus Pinchuk you may be familiar with that says as follows, ineffective assistance of post-conviction counsel cannot constitute cause because the Sixth Amendment does not entitle a defendant to post-conviction counsel. Well, the Sixth Amendment may not entitle a person to post-conviction counsel. However, the Pennsylvania Pennsylvania Rules of Criminal Procedure 904 entitles a litigant to PCRA counsel for the first PCRA petition and, in fact, if that's not given, it's remanded for appointment of counsel and by virtue of the fact that a person is entitled to counsel for the first PCRA they are entitled under the Sixth Amendment to effective assistance of counsel and that is not what my client received. Thank you. Any other questions? Thank you. Thank both counsel for helpful argument. We'll take the case